Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRUCE WILLIAM LEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1204-CR-173 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D05-1111-FD-1598

**August 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Bruce William Lee appeals his two-year, 182-day sentence for Class D felony failure to register as a sex or violent offender. He contends that his sentence is inappropriate in light of the nature of the offense and his character. Because Lee has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character, we affirm.

**Facts and Procedural History**

After his January 2011 conviction for Class C felony child molesting, Lee was required to register as a sex offender. In May 2011, Lee completed a sex-offender registration form with the Allen County Sherriff's Department. Corporal Jeff Shimkus reviewed the form with Lee and explained to Lee his obligation to inform the Sherriff's Department of any change in his address within three days. Lee signed a document acknowledging that he was informed of this obligation.

In September, Lee completed a change-of-address form with the Sherriff's Department. He listed his new address as 14910 Whittern Road. The Sherriff's Department sent a request to the Monroeville Police to verify this new address. On October 17, Lee completed another change-of-address form, indicating that he was moving to DeKalb County. However, the same day, someone from the DeKalb County Sherriff's Department called to inform the Allen County Sherriff's Department that in fact, Lee would not be living in DeKalb County; his address would remain 14910 Whittern Road. The next day, Lee returned to the Allen County Sherriff's Department

and completed a third change-of-address form, on which he re-listed 14910 Whittern Road as his current address.

On October 18, Monroeville Police Department Officer Phil Meyer traveled to 14910 Whittern Road to verify Lee's address. Officer Meyer spoke to Lee's father, who informed him that Lee did not live there. Lee's father later told authorities that Lee had not lived at the Whittern Road address for approximately one month. Lee did not return to the Allen County Sherriff's Department until November 18. He signed a waiver of rights form and admitted that he had been residing at a different address—not the Whittern Road address—for two weeks. He also admitted that he was aware of his obligation to report any change in his address within three days.

The State charged Lee with Class D felony failure to register as a sex or violent offender. In February 2012, Lee pled guilty to failure to register as a sex or violent offender. The trial court sentenced Lee to two years and 182 days, with one year executed and the remaining one year and 182 days suspended to probation.

Lee now appeals.

## Discussion and Decision

Lee contends that his sentence is inappropriate in light of the nature of the offense and his character.[1] We disagree.

---

[1] Lee frames his argument solely as whether his sentence is inappropriate. *See* Appellant's Br. p. 1, 3. However, because Lee references aggravators and mitigators in his brief, the State construes Lee's argument as including the contention that the trial court abused its discretion by failing to consider certain mitigators. To the extent that Lee's argument contains this assertion, we observe that whether a trial court has abused its discretion by improperly recognizing aggravators and mitigators when sentencing a defendant and whether a defendant's sentence is inappropriate under Indiana Appellate Rule 7(B) are two distinct analyses. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Because Lee frames his argument as one made under Indiana Appellate Rule 7(B), we so confine our discussion.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

---

We note, however, that Lee does contend that the trial court did not properly weigh certain mitigators, and for this reason, "requests this Court to re-weigh the aggravating and mitigating circumstances." Appellant's Br. p. 7. It is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

4

The sentencing range for a Class D felony is six months to three years, with one and one-half years being the advisory term. Ind. Code § 35-50-2-7. Here, the trial court sentenced Lee to two years and 182 days, with one year executed and the remaining one year and 182 days suspended to probation. This sentence is within the statutory range.

Regarding the nature of the offense, there is nothing in the record that indicates that this sentence is inappropriate. Lee listed 14910 Whittern Road as his address; however, when authorities attempted to verify this address, Lee's father told them that Lee had not lived there for approximately thirty days. When Lee returned to the Allen County Sherriff's Department thirty days later, he admitted that he had been living at a new address for two weeks. Stated simply, Lee was aware of his obligation to inform the Allen County Sherriff's Department of any change in his address within three days, yet he failed to do so.

Regarding his character, Lee has a significant criminal history. He has two felony convictions for child molesting in Indiana. He also has a felony theft conviction from Tennessee. In addition to these felony convictions, Lee has misdemeanor convictions in Indiana for possession of marijuana, criminal trespass, domestic battery, and operating a vehicle while intoxicated. In Georgia, Lee has misdemeanor convictions for driving under the influence, possession of marijuana, and possession of an unknown controlled substance. Lee also owes more than $20,000 in child support and was on bond when he committed the underlying offense. Lee's criminal history shows that he has not been deterred from criminal activity through his extensive contact with the criminal justice

5

system.  Lee has failed to persuade us that his sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

MATHIAS, J., and BARNES, J., concur.